IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
DIVISION

CIVIL ACTION NO. 3:16-CV-00116-FDW-DSC

| | |
|---|---|
| The Cincinnati Insurance Company a/s/o Lawyers Building of Gastonia,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>City of Gastonia, a North Carolina Municipal Corporation,<br><br>　　　　　　　　Defendant. | **CONSENT PROTECTIVE ORDER FOR DISCLOSURE OF EMPLOYMENT FILES** |

**THIS MATTER** is before the Court upon Defendant's Request for a Consent Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and N.C.G.S. § 160A-168. Upon review of the file, consent of counsel and the Court deeming it just and proper to do so:

IT IS THEREFORE ORDERED that Defendant's Consent Motion is allowed and the Court enters the following Protective Order governing the discovery of employment files as defined by N.C.G.S. § 160A-168 for Defendant employees:

1. This Order governs the handling and disclosure of the employment files requested in discovery for:

    > Matt Bernhardt
    > Ron Cook
    > Donnie Cloninger
    > Roy Quinn
    > Jim Klenovic
    > Terry Greene
    > Keith Cabe
    > Tripp Barrett

2. Defendant will clearly identify all documents responsive to Plaintiff's request

for the employment file of the requested employees and will mark these documents confidential.

3. The confidential information should not be otherwise reviewed, disclosed or released to anyone other than:

   a. The Court;

   b. The parties, counsel for the parties, their legal assistants and other staff members and employees;

   c. Experts or consultants retained by the parties or their attorneys in the preparation of this case or to serve as expert witnesses in the Trial of this action;

   d. Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

   e. Outside companies engaged by counsel for parties to photocopy or scan such documents.

4. Disclosure of confidential information pursuant to this Order shall be handled as follows:

   a. Any person described in sub-paragraphs 3(b-e) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

   b. Prior to making disclosure to any person set forth in paragraph 3(c) of this Order, the parties disclosing the confidential information shall direct any person to whom the disclosure is made that confidential information should be used for the purposes of prosecution or

defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an agreement to be bound by this Order. A record of all persons to whom disclosures are made shall be kept and all written statements signed by those persons shall be retained in possession, custody and control of counsel by whom the person is retained. All confidential information and any documents containing information derived there from, including copies of such documents shall be returned to counsel by persons given access given to them as soon as practicable.

5. The production or disclosure of confidential materials pursuant to the terms of this order shall not be construed as prohibiting or restricting use of confidential information during deposition, at any hearing, the trial of this matter or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or Rules of Evidence in connection with any proceeding in this action.

6. No confidential documents produced pursuant to this Order shall be used for any purpose other than for the relevant and proper conduct of this litigation. If any such confidential documents are used in connection with the deposition or other discovery or documents filed with the Court or are quoted or referenced in any memorandum, pleading or other paper filed with the Court, the deposition transcript, filing or paper shall be submitted

to the Court with a request that the document be placed under seal and appropriately marked to indicate the transcript filing or paper subject to the terms of this Order or redacted so as to limit confidential information as defined by N.C.G.S. § 160A-168.

7. The designation of documents or information as confidential information shall not be conclusive for the purposes of the substantive issues in this case. In addition, any party is entitled to challenge in an appropriate Motion to the Court any designation by defendants during this litigation.

8. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part of a party's claim of confidentiality.

9. Within fifteen (15) days after the entry of final judgment or dismissal of this litigation (including appeals or petitions for review), the party's counsel, their staff and all experts and/or consultants for the parties shall return all confidential documents pursuant to this Order (including all xeroxed copies of the same) to Defendant or shall destroy the same with written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; providing counsel shall be permitted to maintain such documents for their case files, which continue to be subject to the terms of this Order.

10. Each person that receives confidential information submits himself or herself to the personal jurisdiction of this Court, where ever he or she shall be for the enforcement of provisions contained in this Order.

SO ORDERED.

Signed: July 25, 2016

David S. Cayer
United States Magistrate Judge

WE CONSENT:

s/ Jared L. Elster
Thomas Paolini, Esquire *(Admitted Pro Hac Vice)*
Jared L. Elster, Esquire *(Admitted Pro Hac Vice)*
LAW OFFICES OF ROBERT A. STUTMAN, P.C.
20 East Taunton Road, Suite 403
Berlin, New Jersey 08009
Telephone: (856) 767-6800
Facsimile: (856) 767-6810
Attorneys for Plaintiff